IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01284-CMA-MJW

KÄRCHER NORTH AMERICA, INC.,
a Delaware corporation,

      Plaintiff,

v.

NILFISK-ADVANCE, INC.,
a Minnesota corporation,

      Defendant.

---

**STIPULATED PROTECTIVE ORDER** [ Docket No. 23-1 ]

---

      Whereas pretrial discovery in this action shall necessarily involve the disclosure of trade secrets or confidential research, development, or commercial information of all parties and of non-parties from whom discovery may be sought;

      Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, subject to the approval of the Court, the following Stipulated Protective Order ("Order") shall govern the exchange of confidential information in this case:

**1.    Scope of Protection**

    1.1    This Order shall govern any record of information, designated pursuant to § 3 of this Order, produced in this action, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated interrogatory answers, documents and other discovery materials, whether produced

1

informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal method of discovery.

1.2    This Order shall also govern any designated record of information produced in this action pursuant to required disclosures under any federal procedural rule or United States District Court for the District of Colorado Local Rule or judge's individual practice or order, and any supplementary disclosures thereto.

## 2.    Definitions

2.1    Protected Information, as used herein, means any type or classification of information designated pursuant to this Order that is nonpublic, proprietary, commercially or otherwise sensitive, or that falls within the term "trade secret."

## 3.    Designations

3.1    Each party may designate as "Confidential" any information furnished to the other party during discovery that is believed to contain Protected Information.  A designation of any information as "Confidential" shall only be made if the designating party has a reasonable, good-faith belief that (a) such information contains Protected Information as defined herein, and (b) disclosure of such information without restriction would be detrimental to that party in the conduct of its business and cause cognizable harm.

3.2    Each party may designate as "Confidential – Attorneys' Eyes Only" any information furnished to the other party during discovery that is believed to contain Protected Information and that:    (a) identifies the producing person's suppliers, distributors, business affiliations, or customers; (b) discloses the producing person's costs of acquiring products; (c) discloses (either alone or in combination with other

Information) the producing person's profit or profit margin from the sale of products; (d) contains other business information that would place the person at a competitive disadvantage if learned by any Party or person; or (e) contains other information as to which the disclosing person has a reasonable basis for claiming heightened protection; provided that counsel for the producing party has reviewed the information and believes, in good faith, that it is entitled to heightened protection as provided herein.

3.3     As limited by the above provisions, any person subject to this Order may designate Protected Information (whether as "Confidential" or as "Confidential – Attorneys' Eyes Only") in the following manner:

(a)     For documents, materials, or other written Information, whether in hard or electronic copy, the person shall designate information by marking each page or item containing the Protected Information with the appropriate designation (i.e. "Confidential" or "Confidential – Attorneys' Eyes Only");

(b)     For testimony, the person shall follow the procedures outlined in §§ 9-10; and

(c)     For Protected Information that cannot be marked as set forth in subsections (a) and (b) above, including Protected Information maintained in computer readable format or other electronic media such as on CD or flash drive, the person shall designate such Protected Information by affixing the appropriate designation to the medium itself.

3.4     To the extent that any party has, prior to the date that this Order is entered, produced to the other side materials containing Protected Information that the producing party has marked with any confidentiality designation, all such materials shall

3

be considered to have been designated under this Order as "Confidential" unless otherwise agreed by the parties.

**4.      Limit on Use and Disclosure of Designated Information**

4.1     Information designated "Confidential" pursuant to this Order shall not be disclosed or provided (other than by the producing person) to anyone except (a) the officers, directors, employees, and agents of the Parties, only for purposes of assisting in this action; (b) attorneys for a Party, employees of such attorneys, and third-party vendors hired by such attorneys to assist them with e-discovery and/or document preparation, copying, and processing in this action ("Vendors"), only for purposes of assisting in this action; (c) deposition reporters engaged in connection with this litigation, only for purposes of assisting in this action; (d) experts and consultants, only for purposes of assisting in this action; and (e) the Court (subject to the provisions of D.COLO.LCivR 7.2.B).

4.2     Information designated as "Confidential - Attorneys' Eyes Only" pursuant to this Order shall not be disclosed or provided (other than by the producing person) to anyone except:  (a) outside attorneys of record for a Party, and employees and Vendors of such outside attorneys of record, only for purposes of assisting in this action; (b) deposition reporters and videographers engaged in connection with this litigation, only for purposes of assisting in this action; (c) experts and consultants who are not competitors, officers, directors, or regular employees of a Party, and who are retained solely for purposes of assisting in this action; and (d) the Court (subject to the provisions of D.COLO.LCivR 7.2.B).

4

4.3    Each party and all persons bound by the terms of this Order shall only use any designated information in connection with the prosecution or defense of this action, and not for any other purpose, including, but not limited to, use in any business or commercial enterprise, except as permitted by this Order or by prior written agreement with counsel for the producing party.  Except as provided for in this Order, no party or other person shall disclose or release any information or document governed by this Order to any person not authorized pursuant to this Order to receive such information or document.

4.4    It is, however, understood that counsel for a party may give advice and opinions to his or her client based on his or her evaluation of designated information received by the party, provided that such rendering of advice and opinions shall not reveal the content of such information, except as permitted by this Order or by prior written agreement with counsel for the producing party.

4.5    The attorneys of record for the parties and other persons receiving information governed by this Order shall exercise reasonable care to ensure that the information and documents governed by this Order are (a) used only for the purposes specified herein, and (b) disclosed only to authorized persons.

## 5.    Identification of Experts or Consultants

5.1    If any party desires to disclose designated information to any expert or consultant pursuant to § 4, it must first provide written notice to the attorneys for the producing party identifying each such expert or consultant.  Attorneys for the producing party shall have five (5) business days from receipt of such notice to object to the disclosure of such information to any of the experts or consultants so identified.  Any

party that fails to object within five (5) business days of receiving such notice shall be deemed to have waived such objection and the parties shall be deemed to have agreed upon disclosure.  No designated information may be disclosed to any proposed expert or consultant until such time as the parties have agreed upon disclosure to the expert, have waived such objection, or until the Court rules on a timely motion made pursuant to § 5.3 below.

     5.2    Written notice identifying a proposed expert or consultant under § 6.1 above shall include the full name and professional address and/or affiliation of the proposed expert or consultant, an up-to-date curriculum vitae or resume, a list of any prior or current employments or consultancies during the previous ten (10) years, and a list of cases in which the expert or consultant has testified at deposition, hearing or trial within the last four (4) years.

     5.3    The parties shall attempt to resolve any objections informally.  If the objections cannot be resolved, the party opposing disclosure of the designated information to the proposed expert or consultant may move the Court for an order prohibiting the disclosure, and shall bear the burden of proof with respect to the propriety of its objection and prevention of the proposed expert or consultant from reviewing any confidential material in connection with his/her retention.  Any party that fails to file such a motion within ten (10) business days of notifying a party of an objection to disclosure under § 6.1 shall be deemed to have waived such objection and the parties shall be deemed to have agreed upon disclosure to the expert or consultant.

     5.4    The provisions of § 5 shall not apply to disclosures made by non-parties.

**6.     Request to Disclose Designated Information**

6.1     Any party may at any time request permission to disclose designated information other than as permitted by this Order by serving a written request upon counsel for the producing party.  Such request shall specifically identify the information sought to be disclosed, the manner in which it is to be disclosed, and the person to whom it is to be disclosed.  The producing party shall thereafter respond to the request in writing within five (5) business days of receipt of the written request.  A failure to respond within such time shall constitute a refusal.  If the requested permission is withheld, the parties shall negotiate in good faith concerning the request.  Where consent has been withheld and the party and the producing party are subsequently unable to agree on the terms and conditions of disclosure, the matter may be submitted to the Court for resolution by the party requesting disclosure.  The party requesting disclosure shall have the burden of persuading the Court that disclosure is appropriate under applicable rules.  Disclosure shall not be made until the Court has ruled on that relief or the parties otherwise mutually agree in writing.

**7.     Agreement of Confidentiality**

7.1     In no event shall any designated information be disclosed to any person authorized pursuant to §§ 4.1(d) and 4.2(c) until such person has executed a written Confidentiality Undertaking (in the form set forth in Exhibit A hereto) acknowledging and agreeing to be bound by the terms of this Order.  Counsel for the party seeking to disclose material designated under this Order to any such person pursuant to this paragraph shall be responsible for retaining the executed originals of all such Confidentiality Undertakings.

**8.     Related Documents**

8.1     The restrictions contained herein on the use of designated information shall apply to any and all (a) portions of documents, copies, extracts, and complete or partial summaries prepared from or containing such information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda or any other papers filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; and/or (d) deposition testimony designated in accordance with § 9.

**9.     Designation of Deposition Transcripts**

9.1     Any and all portions of deposition transcripts containing Protected Information may be designated as such either on the record during the deposition or by providing to the reporter and all counsel of record, within ten (10) business days following receipt of the official transcripts of the deposition, written notice of the specific pages and lines that contain the Protected Information and whether that information is "Confidential" or "Confidential – Attorneys' Eyes Only."

9.2     All deposition transcripts not previously designated shall be deemed to be, and treated as, "Confidential – Attorneys' Eyes Only" for a period of ten (10) business days after receipt of the official transcript of the deposition, and the transcript shall not be disclosed during such time by a non-designating party to persons other than those persons named or approved according to § 4.2.

9.3     The designating party shall have the right, before the taking of testimony which contains designated information subject to this Protective Order, to exclude from

portions of a deposition all persons other than those persons previously qualified to receive such information pursuant to §§ 4.1 or 4.2.

**10. Designation of Hearing Testimony or Argument**

10.1 With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of Protected Information eligible for designation under this Order, counsel may designate on the record prior to such disclosure that the disclosure is subject to confidentiality restrictions. Whenever designated information is to be discussed in a hearing or other proceeding, any party claiming such confidentiality may ask the Court to have excluded from the hearing or other proceeding any person who is not entitled under this Order to receive information so designated.

**11. Filing of Documents Under ~~Seal~~ Restricted Access.**

11.1 Any party wishing to make of record any designated information shall file a motion for leave to restrict access to the filing containing the designated information, and, if the motion for leave to file is granted, subsequently file the designated information in accordance with the Court's procedures for filing restricted access information. The parties understand that designation of Protected Information under this Order, standing alone, is insufficient to satisfy the requirements of D.C.COLO.LCivR 7.2.B, and that access to designated information will only be restricted if the requirements of D.C.COLO.LCivR 7.2.B are satisfied. At the conclusion of this case, any materials filed with the Court under restricted access shall be kept under restricted access or be returned to the party filing it for disposition as provided for in § 19 below.

**12.    Other Protections**

12.1   No person shall use any information designated "Confidential - Attorneys Eyes Only," or information derived therefrom, for purposes other than the prosecution or defense of this action, including, without limitation, for purposes of preparing, filing or prosecuting any trademark application, copyright application, patent application, continuation or divisional patent application, reissue patent application, or request for reexamination.  The fact that a person has had access to such information, however, does not prevent the person from participating in any other proceeding.

12.2   Any party may mark any document or thing containing designated information as an exhibit to a deposition, hearing or other proceeding and examine the witness based on the document, provided that the witness is qualified under the terms of this Order to have access to such designated materials.

**13.    Challenges to Confidentiality**

13.1   This Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery materials as that party may consider appropriate.  Nor shall any party be precluded from: (a) claiming that any matter designated hereunder is not entitled to the protections of this Order; (b) applying to the Court for an Order permitting the disclosure or use of information or documents otherwise prohibited by this Order; or (c) applying for a further Protective Order modifying this Order in any respect. No party shall be obligated to challenge the propriety of any designation, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

13.2   On any challenge to the designation of any information, the burden of proof shall lie with the producing party to establish that the information is, in fact, Protected Information eligible for designation under this Order.   If a party seeks declassification or removal of particular items from a designation on the ground that such designation is not necessary to protect the interests of the party that designated the information, the following procedure shall be utilized:

(a)   The party seeking such declassification or removal shall give counsel of record for the other party written notice thereof specifying the designated information as to which such removal is sought and the reasons for the request; and

(b)   If, after conferring, the parties cannot reach agreement concerning the matter within five (5) business days after the delivery and receipt of the notice, then the designating party has five (5) business days to move for a protective order.  If the designating party does not move for a protective order within the allotted time, the challenged documents will no longer be considered eligible for designation under this Order and will no longer be protected by the provisions of this Order.

**14.   Inadvertent Failure to Designate or Inadvertent Disclosure**

14.1   A producing party or non-party that inadvertently fails to designate an item pursuant to this Order at the time of production may make a designation pursuant to this Order by serving notice thereof in writing, accompanied by substitute copies of each item, appropriately designated.   Those individuals who reviewed the documents or information prior to the notice of mis-designation or failure to designate by the producing

party shall return to counsel of record or destroy all copies of the mis-designated documents and shall honor, to the extent reasonably practicable, the provisions of this Order with respect to the use and disclosure of confidential information in the mis-designated documents.

14.2   If Confidential information designated pursuant to this Order is disclosed to any person other than in the manner authorized by this Order, the party responsible for this disclosure must immediately bring all pertinent facts relating to such improper disclosure to the attention of all interested parties, without intentionally creating prejudice to other rights and remedies of the disclosing party, and shall make every effort to prevent further improper disclosure.

14.3   Inadvertent production of documents subject to work-product immunity, attorney-client privilege, common interest/joint defense privilege, or other privilege shall not constitute a waiver of the immunity or privilege, provided that the disclosing party shall notify the receiving party of such inadvertent production as soon as practicable after the first time the disclosing party learns of the inadvertent production.  Such inadvertently produced documents (and all copies, if any) shall be returned to the disclosing party, or destroyed and their destruction certified to the disclosing party, within three (3) business days after receiving the request or by a deadline agreed upon by the parties.  No use shall be made of such documents by the receiving party unless the receiving party successfully challenges the claimed privilege on grounds other than the inadvertent disclosure.  If the parties are unable to agree as to the application of any claim of privilege or immunity, either party may petition the Court for resolution.

14.4   Nothing in this Order shall preclude either party from petitioning the Court for return of later-discovered, inadvertently produced work-product immunity, attorney-client privilege, common interest/joint defense privilege, or other privileged documents.

**15.   Disclosure to Author or Recipient**

15.1   Notwithstanding any other provisions of this Order, nothing herein shall prohibit counsel or a party from disclosing designated information to any person who appears from the information to have drafted, prepared, executed, or received the information.

**16.   Confidentiality of a Party's Own Documents**

16.1   Nothing herein shall affect the right of the designating party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information.   Such disclosure shall not waive the protections of this Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the designating party the information becomes public knowledge.   Similarly, this Order shall not preclude a party from showing its own information to its officers, directors, employees, attorneys, consultants or experts, or to any other person, even if this information has been filed under seal by the opposing party.

**17.   Prior or Public Knowledge**

17.1   The restrictions contained in this Order shall not apply to information that is or was available to the public prior to disclosure or that is or was legitimately and independently acquired from a source not subject to this Order.

**18.   Non-Parties**

18.1   Any non-party from whom discovery is sought may execute a Non-Party Declaration and Confidentiality Undertaking as set forth in Exhibit B and designate information to be disclosed under the terms of this Order. Any third-party information so designated will then be subject to the terms of this Order.

**19.   Destruction or Return of Designated Information**

19.1   Within sixty (60) days following final termination of this action, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall destroy and certify destruction of, or assemble and return, all materials containing designated information, including all copies, extracts and summaries thereof, to the party from whom the designated material was obtained, except (a) any documents or copies which contain, constitute or reflect attorney work product or attorney-client privilege communications, and (b) archive copies of pleadings, motion papers, deposition transcripts, correspondence, expert reports and written discovery responses, which may be retained by counsel subject to a continuing obligation to protect all such material pursuant to this Order. The foregoing notwithstanding, one counsel of record for each party may retain one copy of all designated information solely for reference in the event of a dispute over the use or dissemination of information subject to the terms herein established.

**20.   Privilege Logs**

20.1   Pursuant to Fed. R. Civ. P. 26(b)(5)(A), any party that withholds documents or electronically stored information ("ESI") based upon work-product immunity, attorney-client privilege, common interest/joint defense privilege, or any other

privilege shall identify such documents and/or ESI in a privilege log. This provision does not apply to documents or ESI generated after the filing of the Complaint, or to attorney-client communications made during, and related solely to, prosecution of the patent-in-suit.

**21. Time of Effectiveness**

21.1   The parties agree to treat this Order as entered by the Court as of the date it becomes fully executed by the parties. In the event that the fully executed Order should be rejected by the Court, or that the Court should require any changes in the executed Order, the parties agree to treat any properly marked material or information produced in the interim according to the dictates of this Order as originally executed.

**22. Waiver or Termination of Order**

22.1   No part of the restrictions imposed by this Order may be waived or terminated, except by written stipulation executed by counsel of record for each designating party, or by an Order of the Court for good cause shown. The restrictions provided for herein shall not terminate upon the conclusion of this action, but shall continue until further Order of this Court.

**23. Modification of Order; Prior Agreements**

23.1   This Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties without further Order of the Court. This Order supersedes any agreements between the parties regarding the confidentiality of particular information entered into before the date of this Order. Notwithstanding the foregoing, no subsequent stipulation of the parties shall be binding on the Court.

SO ORDERED on the _____ day of August, 2013.

BY THE COURT:

_____

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

The parties, through counsel, stipulate to the entry of the foregoing Order.

Date:  August 5, 2013

By: s/ Robert R. Brunelli                          By: s/ Christopher R. Smith
Robert R. Brunelli                                 David A. Allgeyer
    rbrunelli@sheridanross.com                     Christopher R. Smith
Michael L. Tompkins                                LINDQUIST & VENNUM LLP
    mtompkins@sheridanross.com                     4200 IDS Center
David B. Kellis                                    80 South Eighth Street
    dkellis@sheridanross.com                       Minneapolis, MN 55402-2274
SHERIDAN ROSS P.C.                                 Phone: (612) 371-3211
1560 Broadway, Suite 1200                          Fax: (612) 371-3207
Denver, Colorado 80202-5141                        dallgeyer@lindquist.com
Phone: (303) 863-9700                              csmith@lindquist.com
Facsimile:(303) 863-0223
litigation@sheridanross.com                        Patrick G. Compton
                                                   600 17th Street, Suite 1800-S
ATTORNEYS FOR PLAINTIFF                             Denver, Colorado 80202
KÄRCHER NORTH AMERICA, INC.                         Phone: (303) 573-5900
                                                   Fax: (303) 573-1956
                                                   pcompton@lindquist.com

                                                   ATTORNEYS FOR DEFENDANT NILFISK-
                                                   ADVANCE, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

s/ Lori R. Brown
Lori R. Brown
Assistant to Robert R. Brunelli
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO  80202-5141
Telephone:   303-863-9700
Facsimile:   303-863-0223
Email:          lbrown@sheridanross.com
                    litigation@sheridanross.com

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01284-CMA-MJW

KÄRCHER NORTH AMERICA, INC., a Delaware corporation,

     Plaintiff,

v.

NILFISK-ADVANCE, INC., a Minnesota corporation,

     Defendant.

---

## DECLARATION AND CONFIDENTIALITY UNDERTAKING

---

     I certify that I have received and read the Protective Order in this action and that I fully understand the terms of this Order. I recognize that I am bound by the terms of this Order, and I agree to comply with those terms. I hereby consent to the personal jurisdiction of the United States District Court for the District of Colorado for any proceedings involving the enforcement of this Order. I declare under penalty of perjury under the laws of the United States of America that this Declaration and Confidentiality Undertaking is true and correct.

     EXECUTED this ____ day of _____, 201_.

                          _____

                          [Name]

                          _____

                          [Signature]

                          _____

                          [Present Employer or Other Business Affiliation]

                          _____

                          [Business Address]

1

EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01284-CMA-MJW

KÄRCHER NORTH AMERICA, INC., a Delaware corporation,

     Plaintiff,

v.

NILFISK-ADVANCE, INC., a Minnesota corporation,

     Defendant.

---

## NON-PARTY DECLARATION AND CONFIDENTIALITY UNDERTAKING

---

     I certify that I have received and read the Protective Order in this action and that I fully understand the terms of the Order. I understand that I am bound by the terms of this Order, and I agree to comply with those terms. I understand that, by executing this Non-Party Declaration and Confidentiality Undertaking, I may designate Protected Information and such designated information will be treated as set forth in the Protective Order. I hereby consent to the personal jurisdiction of the United States District Court for the District of Colorado for any proceedings involving the enforcement of this Order. I declare under penalty of perjury under the laws of the United States of America that this Declaration and Confidentiality Undertaking is true and correct.

     EXECUTED this _____ day of _____, 201_.

                      _____
                      [Name]

                      _____
                      [Signature]

                      _____
                      [Present Employer or Other Business Affiliation]

                      _____
                      [Business Address]

1