IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01284-CMA-MJW

KÄRCHER NORTH AMERICA, INC.,
a Delaware corporation,

    Plaintiff,

v.

NILFISK-ADVANCE, INC.,
a Minnesota corporation,

    Defendant.

---

### ORDER REGARDING E-DISCOVERY [ Docket No 27 ]

---

The Court ORDERS as follows:

*The Joint Motion for Entry Regarding E-Discovery Order [Docket No. 27] is granted.*

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This Order may be modified in the Court's discretion or by agreement of the parties.

3. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in any requested cost-shifting determinations.

4.     Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall not include metadata. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production if such fields exist.

5.     General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests.

6.     Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

7.     Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances. While this provision does not require the production of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

8.     Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe. Each requesting party shall limit its email production requests to a total of five custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case.

Should a party serve email production requests for additional custodians beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

9. Each requesting party shall limit its email production requests to a total of 10 search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

10. Absent agreement of the parties or further order of this Court, the following parameters shall apply to ESI and email production:

A. **General Document Image Format.** Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") format. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files provided to Plaintiff must be produced in a format compatible with Concordance, and load files provided to Defendant must be produced in a format compatible with Relativity. Load files shall be provided to indicate the location and unitization of the TIFF files. To the extent the metadata specifically identified in ¶ 4 above (i.e. date and time document was sent and received, etc.) is available, it shall also be included in separate fields of the load file. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

B. **Text-Searchable Documents.** All documents shall be produced in text-searchable format at no cost to the receiving party.

C. **Footer.** Each document image shall contain a footer with a sequentially ascending production number.

D. **Native Files.** A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.

E. **No Backup Restoration Required.** Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a

party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

**F. Voicemail and Mobile Devices.** Absent a showing of good cause, voicemails, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

11. The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

12. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI or email is not a waiver in the pending case or in any other federal or state proceeding.

13. The mere production of ESI or email in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

14. Except as expressly stated, nothing in this Order affects the parties' discovery obligations under the Federal or Local Rules.

DATED this 7TH day of August, 2013.

BY THE COURT:

_____

DATED: August 7, 2013

APPROVED:

By: s/ Robert R. Brunelli
Robert R. Brunelli
    rbrunelli@sheridanross.com
Michael L. Tompkins
    mtompkins@sheridanross.com
David B. Kellis
    dkellis@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, Colorado 80202-5141
Phone: (303) 863-9700
Facsimile:(303) 863-0223
litigation@sheridanross.com

ATTORNEYS FOR PLAINTIFF
KÄRCHER NORTH AMERICA, INC.

By: s/ David A. Allgeyer
David A. Allgeyer
Christopher R. Smith
LINDQUIST & VENNUM LLP
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2274
Phone: (612) 371-3211
Fax: (612) 371-3207
dallgeyer@lindquist.com
csmith@lindquist.com

Patrick G. Compton
600 17th Street, Suite 1800-S
Denver, Colorado 80202
Phone: (303) 573-5900
Fax: (303) 573-1956
pcompton@lindquist.com

ATTORNEYS FOR DEFENDANT NILFISK-ADVANCE, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

s/ Lori R. Brown
Lori R. Brown
Assistant to Robert R. Brunelli
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO  80202-5141
Telephone:  303-863-9700
Facsimile:  303-863-0223
Email:  lbrown@sheridanross.com
litigation@sheridanross.com